ORIGINAL

Priority Send ☒
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK US DISTRICT COURT
FEB 1 8 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

FRED GIANNETTO, GARY OBERHOLTZ, MICHAEL HANSELL, JAMES DORAN, JODY ROHDE, DAVID FORD, BRENDAN MCGANN, JILL LANDSMAN, ERIC DETWILER, ALAN FITTS, and ALLEN HOUSE, on behalf of themselves and classes of those similarly situated,

    Plaintiffs,

v.

COMPUTER SCIENCES CORPORATION,

    Defendant.

Case No. CV 03-8201 TJH (Ex)

[~~PROPOSED~~] **CASE MANAGEMENT ORDER**



DOCKETED ON CM
FEB 19 2004
BY _____ 006

    1.    The schedule for class certification set forth in Local Rule 23-3 does not apply in this case.

    2.    The statute of limitations applicable to the Fair Labor Standards Act ("FLSA") claim shall be tolled from February 9, 2004 through the date ninety (90) days after the Court rules on Plaintiffs' motion to send notice of the FLSA claim to similarly situated persons pursuant to *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). The tolling agreement applies to all individuals that the



Courts eventually find to be similarly situated under 29 U.S.C. § 216(b) and who opt-in to this action.

3. Plaintiffs' motion for permission to send notice to all potential Nationwide FLSA Collective Plaintiffs shall be filed no earlier than August 30, 2004 and no later than October 29, 2004.

4. Plaintiffs' motion for class certification pursuant to Rule 23 shall be filed no earlier than September 30, 2004 and no later than March 31, 2005.

5. The parties are to use their best efforts to schedule a mediation before David Rotman during the month of July 2004.

6. The parties shall meet and confer concerning the scope and timing of the information exchange necessary in advance of the planned mediation. The parties will file a proposed information exchange schedule within two weeks. In the event the parties are unable to reach agreement as to the scope and timing of such an exchange of information, such disputes may be submitted to the Magistrate Judge assigned to this case.

7. If the parties are able to agree on the scope and timing of an information exchange schedule, with the exception of the information exchange described in the previous paragraph, all other discovery will be stayed until the completion of the planned mediation.

8. The trial shall be bifurcated into a liability phase and a damages phase.

9. The due date for Defendant's response to the First Amended Complaint shall be continued until August 10, 2004, after the mediation.

**IT IS SO ORDERED.**

Dated: 2/17, 2004

The Honorable Terry J. Hatter
United States District Court Judge

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017.

    On February 13, 2004, I served the foregoing document(s) described as:

## [PROPOSED] CASE MANAGEMENT ORDER

on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

**_X_   BY MAIL**

    \_\_\_\_ *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

    _X_ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_ BY PERSONAL SERVICE I delivered such envelope by hand to the offices of the addressee.

\_\_\_\_ BY TELECOPIER By transmitting the above listed document(s) to the fax number(s) set forth on this date.

\_\_\_\_ BY FEDERAL EXPRESS by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the addresses set forth above.

Executed on February 13, 2004, at Los Angeles, California.

\_\_\_\_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

 

\_\_Sandra Alcala_____        _____*signature*_____
Type or Print Name                                               Signature

## SERVICE LIST

James M. Finberg
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Tel: 415/956-1000
Fax: 415/956-1008

Rachel Geman
Lief, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel: 212/355-9500
Fax: 212/355-9592

Jeffrey Lewis
Todd F. Jackson
Margaret E. Hasselamn
Thuy T. Le
Lewis & Feinberg, P.C.
436 14th Street, Ste. 1505
Oakland, CA 94612
Tel: 510/839-6824
Fax: 510/839-7839

Steven G. Zieff
Kenneth J. Sugarman
Rudy, Exelrod & Zieff, LLP
351 California St., Ste. 700
San Francisco, CA 94104
Tel: 415/434-9800
Fax: 415/434-0513