1   James M. Finberg (Bar No. 114850)
    Bill Lann Lee (Bar No. 108452)
2   Jahan C. Sagafi (Bar No. 224887)
    LIEFF, CABRASER, HEIMANN &
3     BERNSTEIN, LLP
    275 Battery Street, 30th Floor
4   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
5   Facsimile: (415) 956-1008

6   Jeffrey Lewis (Bar No. 066587)
    Todd F. Jackson (Bar No. 202598)
7   Margaret E. Hasselman (Bar No. 228529)
    Thuy T. Le (Bar No. 228575)
8   LEWIS & FEINBERG, P.C.
    436 – 14th Street, Suite 1505
9   Oakland, CA 94612
    Telephone: (510) 839-6824
10  Facsimile: (510) 839-7839

11  Steven G. Zieff (Bar No. 084222)        Rachel Geman (RG 0998 [NY])
    Kenneth J. Sugarman (Bar No. 195059)    LIEFF, CABRASER, HEIMANN
12  RUDY, EXELROD & ZIEFF, LLP                & BERNSTEIN, LLP
    351 California Street, Suite 700        780 Third Avenue, 48th Floor
13  San Francisco, CA 94104                 New York, NY 10017-2024
    Telephone: (415) 434-9800               Telephone: (212) 355-9500
14  Facsimile: (415) 434-0513               Facsimile: (212) 355-9592

15  *Attorneys for Plaintiffs and the Plaintiff*
    *Classes*



16

17                UNITED STATES DISTRICT COURT

18                CENTRAL DISTRICT OF CALIFORNIA

19  FRED GIANNETTO, GARY            Case No.  CV 03-8201 GPS (Ex)
    OBERHOLTZ, MICHAEL
20  HANSELL, JAMES DORAN,           **STIPULATION AND [PROPOSED]**
    JODY ROHDE, DAVID FORD,         **ORDER APPROVING LIMITED**
21  BRENDAN MCGANN, JILL            **NOTICE AND MAILING OF**
    LANDSMAN, ERIC DETWILER,        **CHECKS TO ADDITIONAL CLASS**
22  ALAN FITTS, and ALLEN HOUSE,    **MEMBERS**
    on behalf of themselves and classes
23  of those similarly situated,

24              Plaintiffs,

25      v.

26  COMPUTER SCIENCES
    CORPORATION,

27              Defendant.

28



05059/1846834 1

1   WHEREAS, after settlement checks were mailed to class member

2   claimants, Computer Sciences Corporation discovered a relatively small number of

3   former employees (a total of 73) were inadvertently omitted from the initial list of

4   class members receiving notice and claim forms. (These 73 are referred to

5   hereafter as the "additional class members.")

6   WHEREAS, the parties have discussed the most efficient manner to

7   provide notice of the settlement to the additional class members and to allow them

8   to participate therein.

9   WHEREAS, the parties propose that the notice and opt-out form

10  attached to this Stipulation as Exhibit A be sent to the additional class members,

11  along with a check reflecting the payment each additional class member would

12  have received had he or she submitted a claim form during the original claims

13  period.

14  The parties to the Gianetto v. CSC action agree as follows:

15  1.   A Notice, in the form attached hereto as Exhibit A, shall be sent

16  to the 73 additional class members with a check reflecting the amount each

17  additional class member would have received had he or she submitted a claim form

18  during the original claims period.

19  2.   The additional class members shall have the ability to opt out of

20  the settlement by completing the opt-out form attached to the Notice and returning

21  it to the Settlement Administrator by within 30 days after the Notice is sent to class

22  members, (i.e., a date in May 2006).

23  3.   If an additional class member cashes the check sent along with

24  the Notice or does not submit a timely request to opt-out, he or she shall be bound

25  by the terms of the settlement and judgment herein.

26

27

28

05059/1846834 1          - 1 -

1

2

3    Dated:  April 24 2006

4

5    Rachel Geman (RG 0998 [NY])
     LIEFF, CABRASER, HEIMANN
6        & BERNSTEIN, LLP
     780 Third Avenue, 48th Floor
7    New York, NY 10017-2024
     Telephone: (212) 355-9500
8    Facsimile: (212) 355-9592

9

10   Jeffrey Lewis (Bar No. 066587)
     Todd F. Jackson (Bar No. 202598)
11   Margaret E. Hasselman (Bar No. 228529)
     Thuy T. Le (Bar No. 228575)
12   LEWIS & FEINBERG, P.C.
     436 – 14th Street, Suite 1505
13   Oakland, CA  94612
     Telephone: (510) 839-6824
14   Facsimile: (510) 839-7839

15

16

17   Dated:  April 24, 2006

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

By: _____
        James M. Finberg

James M. Finberg (Bar No. 114850)
Bill Lann Lee (Bar No. 108452)
Jahan C. Sagafi (Bar No. 224887)
LIEFF, CABRASER, HEIMANN
    & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Steven G. Zieff (Bar No. 084222)
Ken Sugarman (Bar No. 195059)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513

*Attorneys for Plaintiffs and the Plaintiff Classes*

By: _____
        Shon Morgan

A. William Urquhart
Shon Morgan
Mary S. Thomas
QUINN EMANUEL URQUHART
    OLIVER & HEDGES
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants*

STIPULATION AND [PROPOSED] ORDER
APPROVING REVISED NOTICE & CLAIM FORM
CASE NO. CV 03-8201 GPS (EX)

1  James M. Finberg (Bar No. 114850)
   Bill Lann Lee (Bar No. 108452)
2  Jahan C. Sagafi (Bar No. 224887)
   LIEFF, CABRASER, HEIMANN &
3      BERNSTEIN, LLP
   275 Battery Street, 30th Floor
4  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
5  Facsimile:  (415) 956-1008

6  Jeffrey Lewis (Bar No. 066587)
   Todd F. Jackson (Bar No. 202598)
7  Margaret E. Hasselman (Bar No. 228529)
   Thuy T. Le (Bar No. 228575)
8  LEWIS & FEINBERG, P.C.
   436 – 14th Street, Suite 1505
9  Oakland, CA  94612
   Telephone:  (510) 839-6824
10 Facsimile:  (510) 839-7839

11 Steven G. Zieff (Bar No. 084222)           Rachel Geman (RG 0998 [NY])
   Kenneth J. Sugarman (Bar No. 195059)       LIEFF, CABRASER, HEIMANN
12 RUDY, EXELROD & ZIEFF, LLP                    & BERNSTEIN, LLP
   351 California Street, Suite 700            780 Third Avenue, 48th Floor
13 San Francisco, CA  94104                    New York, NY 10017-2024
   Telephone:  (415) 434-9800                  Telephone:  (212) 355-9500
14 Facsimile:  (415) 434-0513                  Facsimile:  (212) 355-9592

15 *Attorneys for Plaintiffs and the Plaintiff*
   *Classes*

16

17                    UNITED STATES DISTRICT COURT

18                   CENTRAL DISTRICT OF CALIFORNIA

19 FRED GIANNETTO, GARY              Case No.  CV 03-8201 GPS (Ex)
   OBERHOLTZ, MICHAEL
20 HANSELL, JAMES DORAN,
   JODY ROHDE, DAVID FORD,           **[PROPOSED] ORDER APPROVING**
21 BRENDAN MCGANN, JILL              **LIMITED NOTICE AND MAILING**
   LANDSMAN, ERIC DETWILER,          **OF CHECKS TO ADDITIONAL**
22 ALAN FITTS, and ALLEN HOUSE,      **CLASS MEMBERS**
   on behalf of themselves and classes
23 of those similarly situated,

24           Plaintiffs,

25    v.

26 COMPUTER SCIENCES
   CORPORATION,

27           Defendant.

28

[PROPOSED] ORDER APPROVING REVISED NOTICE
& CLAIM FORM
CASE NO  CV 03-8201 GPS (EX)

1    After this Court granted final approval to a settlement of this matter

2    and settlement checks were mailed to class member claimants, defendant Computer

3    Sciences Corporation discovered a relatively small number of former employees (a

4    total of 73) were inadvertently omitted from the initial list of class members

5    receiving notice and claim forms.  (These 73 are referred to hereafter as the

6    "additional class members.")

7    The parties have proposed that the notice and opt-out form attached as

8    Exhibit A be sent to the additional class members, along with a check reflecting the

9    payment each additional class member would have received had he or she

10   submitted a claim form during the original claims period.  The Court finds that this

11   proposal is a fair and reasonable manner to provide these additional class members

12   notice and opportunity to opt-out.:

13   A Notice, in the form attached hereto as Exhibit A, shall be sent as

14   soon a practicable to the 73 additional class members with a check reflecting the

15   amount each additional class member would have received had he or she submitted

16   a claim form during the original claims period.

17   The additional class members shall have the ability to opt out of the

18   settlement by completing the opt-out form attached to the Notice and returning it to

19   the Settlement Administrator within 30 days after the Notice is sent to class

20   members.

21

22

23

24

25

26

27

28

1       If an additional class member cashes the check sent along with the

2   Notice or does not submit a timely request to opt-out, he or she shall be bound by

3   the terms of the settlement and judgment herein.

4

5          **IT IS SO ORDERED.**

6

7   Dated: ___May 26___, 2006   _____

8                   The Honorable George P. Schiavelli

9                   United States District Court Judge

                        for the Central District of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GIANNETTO, GARY OBERHOLTZ, MICHAEL HANSELL, ROBERT JOHNSON, JAMES DORAN, JODY ROHDE, DAVID FORD, BRENDAN MCGANN, JILL LANDSMAN, CHRIS LUSIGNAN, JARAS RUNDERBURG, LINDA BECKER, DANIEL LAMPEL, ERIC DETWILER, ALAN FITTS, and ALLEN HOUSE, on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COMPUTER SCIENCES CORPORATION, COMPUTER SCIENCES CORPORATION RETIREMENT PLAN COMMITTEE, <br><br> Defendants. | CASE NO. Case No. CV 03-8201 GPS (Ex) <br><br><br> NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT, CERTIFICATION OF FLSA COLLECTIVE ACTION, AND CERTIFICATION OF STATE LAW OVERTIME CLASSES |

05059/1846045 1

TO: PERSONS WHO HAVE WORKED OR CONTINUE TO WORK FOR COMPUTER SCIENCES CORPORATION ("CSC") AS ASSOCIATE MEMBER TECHNICAL STAFF (S0l), MEMBER TECHNICAL STAFF B (S02), MEMBER TECHNICAL STAFF X (S03), SENIOR MEMBER TECHNICAL STAFF (S04), AND COMPUTER SCIENTIST (S05)

PLEASE READ THIS NOTICE CAREFULLY

Based on information in CSC's records, you are a Class Member entitled to receive money under the Settlement. To participate in the Settlement, you need do nothing further. Enclosed with this Notice is a check representing your share of the Settlement proceeds. You have until May 14, 2006 to cash this check or it will become void.

Plaintiffs and CSC encourage all Class Members to participate in this Settlement. CSC will not retaliate in any way against current or former CSC employees who cash the enclosed check and thereby claim their share of this $24 million dollar settlement. Participation does not change the settlement amount that CSC will pay, because CSC will pay the fixed amount of $24 million regardless of the number of current and former CSC employees who participate.

For assistance or if you have questions, please contact the Giannetto Claims Administrator (Rosenthal & Company LLC: 1-800-936-5095).

Important Deadlines:
- Last Day to "Opt Out" Of The Settlement Class: May 14, 2006.
- Last Day to Cash Settlement Check: May 14, 2006.

## I. **INTRODUCTION**

A settlement of the class action claims for overtime compensation raised in the above class action has been reached by the Parties in this case and granted approval by the United States District Court for the Central District of

1   California. This Notice informs you about the terms of that Settlement and about

2   your rights and options under the Settlement.

3           The Settlement resolves all the claims for overtime compensation that

4   were made in this lawsuit. You should read this Notice very carefully because your

5   rights may be affected by the Settlement.

6           If you do not choose to Opt Out of the Settlement Class, you will be

7   bound by the terms of this Settlement, regardless whether you cash the Settlement

8   check provided with this Notice.

9

10   **II.**    **WHAT IS A CLASS ACTION?**

11           A class action is a lawsuit in which the claims and rights of many

12   people are decided in a single court proceeding. One or more representative

13   plaintiffs, also known as "class representatives," file a lawsuit asserting claims on

14   behalf of the entire class.

15

16   **III.**   **WHAT IS THE PURPOSE OF THIS NOTICE?**

17           Judge George P. Schiavelli, United States District Judge of the United

18   States District Court for the Central District of California has ordered that this

19   Notice be sent to you because CSC's records indicate you are a Class Member. The

20   purpose of this Notice is to inform you of the Settlement and of your rights,

21   including,

22          •  To inform you of your right to accept the Settlement

23             check provided with this Notice;

24          •  To inform you that if you do not "opt out" of the

25             Settlement Classes you will be bound by the terms of

26             the Settlement Agreement and release your right to sue

27             CSC for overtime wages during the time you were a

28             Class Member; and

-3-

- To inform you of your right to "opt out" of the
  Settlement Classes, and not be bound by the Court's
  judgment in this matter and the terms of the Settlement
  Agreement.

## IV.   WHAT IS THIS CASE ABOUT?

Sixteen current and former employees of CSC brought this lawsuit, claiming that CSC has violated federal and state laws by not paying overtime to certain CSC employees in the "technical" family of jobs.  The lawsuit alleges that CSC unlawfully classified these workers as exempt from receiving overtime pay and that CSC did not pay, or keep track of, overtime hours for those workers.   The lawsuit claims that CSC's actions violated a federal law called the Fair Labor Standards Act ("FLSA") as well as the laws of California, Connecticut, Delaware, Maine, Massachusetts, Michigan, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, and Washington.  Plaintiffs also claim that CSC's failure to pay overtime wages to computer technical workers in all 50 states and the District of Columbia, Guam, and Puerto Rico is an unfair business practice violating California Business and Professions Code Section 17200, a law prohibiting businesses from engaging in unfair competition.

Defendants CSC and the CSC Retirement Plan Committee deny all of Plaintiffs' claims and have raised various factual and legal defenses to those claims, and have agreed to the Settlement without any admission of wrongdoing.

## V.   WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

### A.   Monetary Payment

The Settlement will result in a payment by CSC of $24 million, plus the employer share of payroll taxes.  Certain expenses were deducted from the $24

1 million prior to distribution of the settlement funds to the Class Members, including,

2 payments to the class representatives, attorneys fees, and costs of notice and

3 settlement administration.

4      The remaining settlement funds will be distributed according to the

5 method set forth in the "How Will My Share Be Calculated If I Participate" section,

6 below.

7

8      **B.**      **Dismissal of Case and Release of Claims**

9      In exchange for the payment set forth above, this action will be

10 dismissed with prejudice, and the Class Members will fully release and discharge

11 the Defendants from any claims for unpaid wages, including claims for unpaid

12 overtime, unlawful deduction of wages, record-keeping violations, failure to provide

13 meal or rest periods that were or could have been asserted in the Giannetto case

14 under the FLSA, state wage and hours laws, and the California Unfair Competition

15 Law, up to and including April 15, 2005.

16      The exact terms of the Release read:

17      ON THE EFFECTIVE DATE OF THIS SETTLEMENT

18      AGREEMENT, AND EXCEPT AS TO SUCH RIGHTS

19      OR CLAIMS AS MAY BE CREATED BY THIS

20      SETTLEMENT AGREEMENT, FOR ANY TIME THEY

21      ARE IN A POSITION SET FORTH IN PARAGRAPH 4

22      ABOVE, THE CLASS MEMBERS FULLY RELEASE

23      AND DISCHARGE DEFENDANTS AND ALL

24      PRESENT AND FORMER PARENT COMPANIES,

25      SUBSIDIARIES, SHAREHOLDERS, OFFICERS,

26      DIRECTORS, EMPLOYEES, AGENTS, AFFILIATES,

27      SERVANTS, REGISTERED REPRESENTATIVES,

28      ATTORNEYS, INSURERS, SUCCESSORS AND

05059/1846045.1

-5-

1 ASSIGNS, FROM ANY CLAIMS, CAUSES, ACTIONS,

2 SUITS OR DEMANDS, IN LAW OR IN EQUITY, FOR

3 UNPAID WAGES OR PENALTIES RELATING

4 THERETO, INCLUDING CLAIMS FOR UNPAID

5 OVERTIME, UNLAWFUL DEDUCTION OF WAGES,

6 RECORDKEEPING VIOLATIONS, OR FAILURE TO

7 PROVIDE MEAL OR REST PERIODS, THAT WERE

8 OR COULD HAVE BEEN ASSERTED IN THE

9 GIANNETTO CASE UNDER THE FLSA (EXCEPT

10 THAT, TO THE EXTENT ANY FLSA CLAIMS ARE

11 PRESERVED BY CSC's AGREEMENT WITH THE

12 DEPARTMENT OF LABOR (MORE FULLY

13 DESCRIBED IN PARAGRAPH 49), FOR ANY

14 INDIVIDUALS COVERED UNDER THAT

15 AGREEMENT THIS RELEASE SHALL NOT BECOME

16 EFFECTIVE AS TO THOSE CLAIMS UNTIL 120

17 DAYS AFTER PAYMENTS HAVE BEEN ISSUED TO

18 THOSE INDIVIDUALS PURSUANT TO THE DOL

19 AGREEMENT) AND UNDER STATE WAGE AND

20 HOURS LAWS AND ANY WAGE AND HOUR CLAIM

21 UNDER CALIFORNIA BUSINESS AND

22 PROFESSIONS CODE 17200 AND UNDER COMMON

23 LAW, UP TO AND INCLUDING APRIL 15,2005. THE

24 CLASS MEMBERS DO NOT RELEASE ANY CLAIMS

25 UNDER THE ERISA. THE PARTIES TO THIS

26 SETTLEMENT AGREEMENT HEREBY RELINQUISH

27 AND WAIVE ALL RIGHTS CONFERRED BY THE

28 PROVISION OF SECTION 1542 OF THE CIVIL CODE

OF THE STATE OF CALIFORNIA WHICH READS AS
FOLLOWS:

A GENERAL RELEASE DOES NOT EXTEND TO
CLAIMS WHICH THE CREDITOR DOES NOT KNOW
OR SUSPECT TO EXIST IN HIS FAVOR AT THE
TIME OF EXECUTING THE RELEASE, WHICH IF
KNOWN TO HIM MUST HAVE MATERIALLY
AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

When the overtime claims are dismissed with prejudice, that means that the Court will not consider the claims any further; the case is over. When claims are released, that means that no one covered by the release can sue CSC over those claims.

## VI. <u>WHO IS A CLASS MEMBER FOR PURPOSES OF THE SETTLEMENT</u>

You were determined to be a Class Member because USC's records show you meet all the following criteria:

    1.    Your Job Grade was or is: Associate Member Technical Staff ("S01"), Member Technical Staff B ("S02"), Member Technical Staff A ("S03"), Senior Member Technical Staff ("S04"), or Computer Scientist ("S05") (collectively "Class Positions"), and;

    2.    You work or worked at CSC at any time:

        (a)    From 1/6/2000 to 4/15/2005 in **any state, Washington D.C., Guam or Puerto Rico**, and/or;

        (b)    In Maine from 1/6/1998 to 4/15/2005 and/or;

        (c)    In New York from 10/1/1998 to 4/15/2005 and/or;

VII.   **WHAT ARE YOUR OPTIONS?**

You have two choices of what do from here:

•   **Choose to Accept Your Settlement Award:**

To accept your Settlement award, simply cash the check enclosed with this Notice. That check becomes void after ~~May~~ July 14, 2006. Regardless whether you cash this check, you are bound by the terms of this Settlement, as noted in the Dismissal of Case and Release of Claims section above, unless you opt out of the Settlement Class.

•   **Choose Not to Join the Settlement Class:**

If you do not want to be a member of the Settlement Class or participate in the settlement and want the right to pursue your own lawsuit, you must opt out of the Settlement by ~~May~~ July 14, 2006. If you do not Opt Out, you will be bound by the terms of this Settlement, regardless whether you cash the settlement check provided with this Notice. To Opt Out you must send a letter, postmarked no later than ~~May~~ July 14, 2006, with your Name, Social Security Number, and the period for which you worked for CSC in a Class Position to:

James Finberg, Esq.

275 Battery St., Ste 3000

San Francisco, CA 94111-3339

(Class Counsel)


- and -


Shon Morgan, Esq.

Quinn Emanuel Urquhart Oliver & Hedges, LLP

865 S. Figueroa Street, 10th Floor

1  Los Angeles, CA 90017

2  (Counsel for CSC)

3  You are not required to submit a comment or objection.

4

## VIII.  HOW WAS MY SHARE CALCULATED?

6  Each share of the settlement proceeds depends on factors that attempt

7  to weigh how strong of a case that type of Class Member had.  As explained below,

8  these factors may have a significant effect on the percentage of the Settlement Funds

9  you receive.  If you do not want to participate in the Settlement because of the

10  factors that will be applied to your claim, you may choose to opt out of the

11  Settlement Class and pursue an individual legal action against CSC for overtime

12  hours.

13  These factors are:

14  1.  **Job Grade within CSC:** (i.e. Associate Member Technical

15  Staff (S01), member Technical Staff B (S02), Member Technical Staff A (S03),

16  Senior Member Technical Staff (S04), and Computer Scientist (S05)).  This factor

17  gives different values to the time employees worked in different job grades at CSC

18  and is based on Class Counsel's assessment of how likely it is that plaintiffs would

19  have prevailed in court on the claim that CSC employees in your job grade and

20  division were improperly classified as exempt.  This factor takes into account that

21  the employees with the strongest argument that CSC improperly classified them as

22  exempt from overtime laws are the lowest-level employees within the Class.

23  2.  **The Division of CSC** in which the Class Member works or

24  worked.  This factor gives different values to the time employees worked in

25  different divisions of CSC.  This factor weighs Class Counsel's assessment that

26  computer technical workers in the Global Infrastructure Services ("GIS") and

27  Technology Management Group ("TMG") divisions of CSC have the strongest

28  claims they were misclassified and the strongest evidence of higher overtime hours,

05059/1846045 1

-9-

NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT

1 while other divisions have arguably weaker claims and the Federal Division

2 employees arguably have the weakest claims to having worked overtime.

3        3.    **The State** in which the Class Member worked. This factor gives

4 different values to the time employees worked in different geographical locations

5 because of the effects of what law applies to your claim. Some states (i.e.,

6 California, New York and Maine) have laws that provide more damages or longer

7 statutes of limitations to employees who were improperly denied overtime pay.

8        Additionally, Class Counsel's assessment is that the claims made on

9 behalf of Class Members are arguably stronger for the time worked in some states

10 than for the time worked in other states. For instance, Class Members who worked

11 in California, Connecticut, Delaware, Maine, Massachusetts, Michigan, Missouri,

12 North Carolina, New Jersey, New York, Ohio, Pennsylvania, and Washington all

13 had state-law-based legal claims under those states' wage and hour laws. By

14 contrast, those Class Members who worked in Arkansas, Colorado, Florida, Idaho,

15 Illinois, Kansas, Kentucky, Maryland, Montana, New Mexico, Rhode Island,

16 Washington D.C., West Virginia, and Wisconsin had arguably weaker claims based

17 on a violation of California's unfair competition law. Those employees in Alabama,

18 Alaska, Arizona, Georgia, Guam, Hawaii, Indiana, Iowa, Louisiana, Minnesota,

19 Mississippi, Nebraska, Nevada, New Hampshire, North Dakota, Oklahoma, Oregon,

20 Puerto Rico, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont,

21 Virginia, and Wyoming had arguably the weakest claims based on California's

22 unfair competition law.

23        Each share will also be based upon: your salary during each week with

24 CSC; the amount of time with CSC within the Class Period; whether you filed (or

25 file) a Consent to Join the Fair Labor Standards Act ("FLSA") action; and the

26 number of Class Members who turn in Green Claim Forms and receive a share of

27 the Settlement Funds. The more Class Members who turn in Green Claim Forms,

28 the lower the amount that will be provided to each individual.

4.     The Distribution Allocations for Class Members

Your share of the Net Settlement Fund, as reflected in the amount of the enclosed check, was calculated by multiplying your Base Earnings (weekly salary) by four numeric factors: (1) length of service (number of weeks) during the Class Period; (2) job grade (S-01 through S-05); (3) the CSC division in which you were employed; and (4) the state in which you worked.

To calculate your share, the Settlement Administrator will start with your Base Earnings ("BE") for each week in which you were employed by CSC in a Class Position (see list of Class Positions above). Then, your BE is multiplied by several numbers based on the other factors listed above. The result of this calculation is called your "Settlement Share Points." The Settlement Share Points for each approved claim will be divided by the sum of Settlement Share Points for all approved claims to determine the Settlement Share Percentage. The Settlement Share Percentage for each approved claim will be multiplied by the Net Settlement Fund to determine the amount of the settlement to be awarded to each approved claim.

| Job Grade | Multiplier |
|---|---|
| S01 through S03 | 4 |
| S04 | 2.5 |
| S05 | 1 |

These factors mean, for example, that if an S01 and an S05 worked at the same salary for a week, for that week the S05 would receive only 1/4 of the amount of the Settlement Fund that the S01 would receive.

| CSC Division | Multiplier |
|---|---|
| GIS or TMG, | 4 |

05059/1846045 1

-11-

| GTS, FSG, Consulting, Corporate or Credit Services | 2 |
|---|---|
| Federal | 1 |

These factors mean, for example, that if a GIS employee and a Federal Sector employee worked at the same salary for a week, for that week the Federal Sector employee would receive only 1/4 of the amount of the Settlement Fund that the GIS employee would receive.

| State You Worked In | Multiplier |
|---|---|
| California from 1/6/2000 to 4/15/2005 | 2.5 |
| From 11/12/2000 to 4/15/2005: Anyone in any state other than California who files an FLSA Blue Consent to Join Form; from 1/6/2000 to 4/15/2005 everyone who worked in the states of Connecticut, Delaware, Massachusetts, Maine, Michigan, Missouri, North Carolina, New Jersey, New York, Ohio, Pennsylvania, or Washington; from 1/6/1998 to 4/15/2005 for anyone who worked in Maine; and from 10/1/1998 to 4/15/2005 for anyone who worked in New York | 1 |
| From 11/12/2000 to 4/15/2005 for anyone who worked in Arkansas, Colorado, Florida, Idaho, Illinois, Kansas, Kentucky, Maryland, Montana, New Mexico, Rhode Island, Washington D.C., West Virginia, and Wisconsin who does not file a Blue Consent to Join Form and from 1/6/2000 to 11/11/2000 everyone who worked in those states | 0.75 |

| State You Worked In | Multiplier |
|---|---|
| From 11/12/2000 to 4/15/2005 for anyone who worked in Alabama, Alaska, Arizona, Georgia, Guam, Hawaii, Indiana, Iowa, Louisiana, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, North Dakota, Oklahoma, Oregon, Puerto Rico, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, and Wyoming who does not file a Blue Consent to Join Form and from 1/6/2000 to 11/11/2000 everyone who worked in those states | 0.5 |

## IX. EXAMINATION OF PLEADINGS AND PAPERS / ADDITIONAL INFORMATION

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you may refer to the underlying documents and papers on file with the Court. This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

If you have questions about this Notice, or want additional information, you can contact the Giannetto Claims Administrator at 1-800-936-5095. Again, the important deadlines are:

- Last Day To "Opt Out" Of The Settlement Class: May ~~14~~ July 14, 2006.
- Last Day To Cash Your Settlement Check: May ~~14~~ July 14, 2006

NOTICE OF SETTLEMENT OF CLASS ACTION LAWSUIT

1   DATED: April 26, 2006  *(May)*

2

3                                  /s/ George P. Schiavelli
                                   Honorable George P. Schiavelli
4                                  United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,

     I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017.

     On April 24, 2006, I served the foregoing document(s) described as: **STIPULATION AND [PROPOSED] ORDER APPROVING LIMITED NOTICE AND MAILING OF CHECKS TO ADDITIONAL CLASS MEMBERS** on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

**_X__  BY MAIL**

    ____  *I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

    _X__  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April 24, 2006, at Los Angeles, California.

____  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

  __Lynzie Hazan_____       _____
Type or Print Name                Signature

02519/1861357.1

## SERVICE LIST

James M. Finberg
*Lieff, Cabraser, Heimann & Bernstein, LLP*
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Tel: 415/956-1000
Fax: 415/956-1008

Jeffrey Lewis
Todd F. Jackson
*Lewis, Feinberg, Renaker & Jackson, P.C.*
1300 Broadway, Suite 1800
Oakland, CA  94612
Tel: 510/839-6824
Fax: 510/839-7839

Steven G. Zieff
Kenneth J. Sugarman
*Rudy, Exelrod & Zieff, LLP*
351 California  St., Ste. 700
San Francisco, CA  94104
Tel: 415/434-9800
Fax: 415/434-0513

Kevin T. Barnes
Gregg Lander
*Law Offices of Kevin T. Barnes*
5670 Wilshire Blvd., Suite 1460
Los Angeles, CA  90036-5614
Tel: 323/549-9100
Fax: 323/549-0101

Rachel Geman
*Lieff, Cabraser, Heimann & Bernstein, LLP*
780 Third Avenue, 48th Floor
New York, NY  10017
Tel: 212/355-9500
Fax: 212/355-9592

Joseph Antonelli
Janelle Carney
*Law Offices of Joseph Antonelli*
1000 Lakes Drive, Suite 450
West Covina, CA  91790
Tel: 626/917-6228
Fax: 626/917-7686

Michael J. Procopio
*Law Offices of Michael J. Procopio*
2677 North Main Street, Suite 800

Santa Ana, CA 92705
Tel: 714/541-1550
Fax: 714/541-1770

SCANNED

02519/1861357.1